UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK JASON HELFRICH,

Plaintiffs,

v.

STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.,

Defendants.

No. 2:26–cv–03555-DC–CKD PS

ORDER

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

I. Allegations in the Complaint

Plaintiff alleges that on August 26, 2026, defendant Officer Stephen Goldsberry of the Mount Shasta Police Department arrested him and seized his 2008 GMC Sierra, which plaintiff used as his primary shelter, along with the personal property inside it. (ECF No. 1.) Plaintiff alleges that his arrest was not supported by probable cause. (Id. at 4.) Defendant Goldsberry also took possession of plaintiff's passport. (Id.)

Plaintiff believes his vehicle was towed and remains in the custody of defendant Ramshaw's Towing in Mount Shasta. (Id.) Plaintiff has not received an explanation why his property is being held, and "no warrant, forfeiture order, or other judicial authorization has been shown to justify the continued retention of the vehicle or his personal property." (Id.) Plaintiff alleges that, upon information and belief, Robert Gibson, Chief of the Mount Shasta Police Department, authorized the department's impound and property retention practices and ratified the actions described in the complaint. (ECF No. 1 at 7.)

Plaintiff sues multiple government officials and agencies, along with defendants Goldsberry and Gibson, under the Fourth Amendment for unreasonable arrest (Claim 1), unreasonable seizure of property (Claim 2), and municipal liability (Claim 3).[2]

II. Screening Requirement

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the

[2] In a separate motion to return property (ECF No. 4), plaintiff seeks an injunction ordering defendants to return his vehicle and all personal property contained in it. Until defendants are served and have a chance to respond, however, any ruling on the merits of this motion is premature.

court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

////

////

////

III. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must show a deprivation of a federally protected right stemming from the defendant's actions taken under the color of state law. West v. Atkins, 487 U.S. 42, 47 (1988). Section 1983 does not confer substantive rights and must instead be predicated on federal rights found in the U.S. Constitution or the laws of the United States. Albright v. Oliver, 510 U.S. 266, 811 (1994).

The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. Mapp v. Ohio, 367 U.S. 643, 655 (1961). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). "A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.'" Id. (quoting United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001)). One such exception is for a seizure incident to a lawful arrest. See Menotti v. City of Seattle, 409 F.3d 1113, 1153 (9th Cir. 2005) ("ample precedent... permit[s] a search or seizure incident to arrest") (citation altered).

As to Claim 1, a claim of unlawful arrest is cognizable under § 1983 if "the arrest was without probable cause or other justification." Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) (citation omitted). "Probable cause exists when, under the totality of the circumstances known to the arresting officers... a prudent person would believe the suspect had committed a crime." Id. at 966 (citation omitted). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." D.C. v. Wesby, 583 U.S. 48, 57 (2018). Here, plaintiff's brief and conclusory allegation that his arrest "was not supported by probable cause or any other lawful justification" does not state a claim under federal pleading standards. See Iqbal, 556 U.S. at 673. Accordingly, Claim 1 is subject to dismissal.

As to Claim 2, plaintiff fails to plead facts under which the court could infer that defendant Goldsberry's seizure of his vehicle was unreasonable under the Fourth Amendment. In a single incident on August 26, 2026, plaintiff was arrested and his vehicle was seized. Because plaintiff "has not pleaded sufficient facts to state a claim that his arrest was unlawful[, i]t follows

that [he] has failed to plead that the seizure of his vehicle by towing was not incident to a lawful arrest." Dayton v. City of Fairfield, No. 2:25-cv-02869-CKD (PS), 2026 WL 890583, *3 (E.D. Cal. April 1, 2026).

Plaintiff also alleges that his passport and the personal property inside his vehicle were unlawfully seized under the Fourth Amendment. He further alleges that the "continued retention of his vehicle and property, without a warrant, forfeiture proceeding, or other lawful basis, constitutes an ongoing unreasonable seizure in violation of the Fourth Amendment." (ECF No. 1 at 6.) The complaint sufficiently alleges a claim for violation of the Fourth Amendment arising from the continued impoundment of plaintiff's vehicle and the personal property within it. See Ordonez v. Stanley, 495 F. Supp. 3d 855, 863 (holding that "the continued impound of a vehicle despite proof that the exigency justifying the initial seizure has terminated violates the Fourth Amendment.") (C.D. Cal. Oct. 16, 2020) (citing Brewster v. Beck, 859, F.3d 1194, 1195-96 (9th Cir. 2017)). The warrantless seizure of plaintiff's passport also implicates the Fourth Amendment.

Plaintiff's brief and conclusory allegation that defendant Ramshaw's Towing is acting "under color of state law" is insufficient to state a § 1983 claim against this defendant, a private business.

The Court finds that, for screening purposes, the complaint states Fourth Amendment claims against defendants Goldsberry and Gibson based on the seizure of plaintiff's passport and the continued impound of his vehicle, passport, and personal property.

In Claim 3, plaintiff asserts municipal liability by defendant City of Mount Shasta. Municipalities may be held liable under Section 1983 using the standard in Monell v. Department of Social Services, 436 U.S. 658, 689-90 (1978). To establish liability for governmental entities under Monell, a plaintiff must prove (1) deprivation of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiff has not alleged that any employee of the City of Mount Shasta acted pursuant to a policy or custom that violates his federal constitutional rights. As plaintiff does not plead adequate facts for Monell liability, Claim 3 is subject to

dismissal.

As to defendants Gavin Newsom, Rob Bonta, and Steve Gordon, plaintiff does not allege specific facts linking these defendants to any constitutional injury. Moreover, plaintiff's claims against defendant California DMV are barred by the doctrine of sovereign immunity. See Ruona v. McBride, 2006 WL 2475336, *1 (E.D. Cal. Aug. 28, 2006) ("The DMV, as an agency of the state, is likewise immune.").

In sum, plaintiff's claims against all defendants except Goldsberry and Gibson must be dismissed. However, plaintiff will have one opportunity to amend the complaint.

IV. Leave to Amend

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss all defendants except Goldsberry and Gibson.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Motion to E-File

Plaintiff has filed a motion to participate in the court's electronic filing system as a pro se litigant. (ECF No. 3.) The motion will be denied because it does not indicate plaintiff has regular access to a computer that can be used in connection with electronic filing, only a personal smartphone. While the court is sensitive to plaintiff's challenges in accessing the court, electronic filing cannot be approved without any indication that plaintiff would be able to effectively use the system.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's motion to e-file (ECF No. 3) is DENIED;

3. Plaintiff's claims against all defendants except Goldsberry and Gibson are dismissed with leave to amend;

4. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

5. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order;

6. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants;

Dated: November 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/helf3555.ifp-some defs